UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLARENCE C. McKELRY, | Case No. 2:19-cv-07445-MWF (JDE) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| JAMES T. BUTTS, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On August 27, 2019, Plaintiff Clarence C. McKelry ("Plaintiff"), proceeding pro se and seeking leave to proceed in forma pauperis (Dkt. 3, "IFP Request"), filed a civil rights complaint under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") against Inglewood Mayor James T. Butts. ("Mayor Butts") in his individual and official capacity. Dkt. 1 ("Complaint") at 1-2. Following an order identifying apparent deficiencies on the face of the Complaint (Dkt. 5), Plaintiff filed a First Amended Complaint against Mayor Butts, Angela Garcia, Steven Jaen, Jordan Rodgers, and Neal Cochran. Dkt. 6 ("FAC"). On October 18, 2019, the assigned magistrate judge, following a screening of the

FAC under 28 U.S.C. § 1915(e)(2), found that the FAC was subject to dismissal for failing to state a claim upon which relief may be granted and directed Plaintiff to, within 30 days: (1) file a second amended complaint; (2) file a notice of election to stand on the FAC; or (3) voluntarily dismiss the action. Plaintiff did not timely comply with any of the three options or seek additional time in which to do so.

As set forth below, the Court finds the FAC fails to state a claim upon which relief may be granted, dismisses the FAC and denies Plaintiff's IFP Request pursuant to 28 U.S.C. § 1915(e)(2).

## II.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS IN THE FAC

Plaintiff alleges a violation of "U.S.C. 240" with his supporting facts, set forth, in full, below:

> With the Mayor and the City of Inglewood, I tried to resolve harassment civilly. After going through the run-around, I found this was my last alternative. I was falsely accused of crimes I've never committed by Angela Garcia. This Action got me arrested where Angela Garcia was able to gain access to property where the incidence occurred. I went to trial the case was dismissed at trial. My vehicle was towed from the premises on three different occasions illegally. My property was stolen. As a result of being jailed falsely, I lost my job. Inglewood City Hall toyed with me as a result. There's a sign at my location defaming my character. I consistently tried to resolve the matter with the Mayor and the City which commits him to this conspiracy – and allowing the sign to stay posted defaming my character by denying me access to property I'm entitled to occupy.

FAC at 5 (CM/ECF pagination). Plaintiff, who sues Mayor Butts in his official capacity and the other defendants in their respective individual

capacities, seeks damages of $1,000,000. Id. at 3, 6. Plaintiff asserts that the defendants, other than Mayor Butts, were acting under color of law as follows: Angela Garcia "false Complaint, perjury"; Steven Jaen "Kidnapped me. (illegal)"; Jordan Rodgers "Kidnapper 2"; Neal Cochran "Gave the approval to kidnap me." Id. at 3-4. Plaintiff attaches various superior court records, photographs, and towing-related records, the significance of which is not always apparent. Id. at 7-16.

### III.
### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint if it fails to state a claim on which relief may be granted. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When screening a complaint, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037,

1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

If the Court finds that a complaint fails to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

**IV.**

**DISCUSSION**

The FAC does not reference any constitutional provision. Instead, Plaintiff cites "U.S.C. 240." FAC at 5. The Court interprets the FAC to refer to 18 U.S.C. § 242, a criminal provision which, among other things, imposes

criminal penalties for one who, under color of law, willfully deprives a person of a right, privilege, or immunity secured by the Constitution or the laws of the United States. As Plaintiff files the action under a civil rights complaint under 42 U.S.C. § 1983 (FAC at 1), the Court will interpret it as such.

### A. General Requirements for Section 1983 Actions

To state a civil rights claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . .." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (citation omitted).

### B. The Fourth and Fourteenth Amendments

The Fourth Amendment protects individuals from "unreasonable searches and seizures" of their "persons, houses, papers, and effects" by the government. U.S. Const., amend. IV. "[A] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & Cty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001). As for a person's property,

5

"[w]hile taking and destroying personal property is a seizure, such seizures are only unlawful if they are unreasonable. To assess reasonableness, courts 'must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" Lavan v. City of Los Angeles, 797 F. Supp. 2d 1005, 1013 (C.D. Cal. 2011) (citation omitted).

Separately, the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Procedural Due Process Clause analysis proceeds in two steps: first, was there a liberty or property interest of which a person has been deprived, and second, if so, were the procedures followed by the State constitutionally sufficient. Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)); see also Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.").

An unauthorized deprivation of property under color of state law does not violate the Due Process Clause if state law affords a meaningful postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). The Ninth Circuit has held that California law provides an adequate postdeprivation remedy for property deprivations caused by public officials. Barnett, 31 F.3d at 816–17; see Cal. Gov't Code §§ 810–895; see also Taylor v. City of San Bernardino, 2009 WL 3756561, at *5 (C.D. Cal. Nov. 4, 2009) (dismissing due process claim based on loss of personal property contained in impounded car because postdeprivation remedy was available).

C. The FAC Fails to State a Claim Against Jaen, Rodgers or Cochran

The "Supporting Facts" section of the FAC does not mention defendants Steven Jaen, Jordan Rodgers, and Neal Cochran. FAC at 5. The only reference to these three defendants is in the identification of defendants section of the FAC, and the only alleged actions by them, purportedly explaining that they were acting "under color of law," are the assertions: Steven Jaen "Kidnapped me. (illegal)"; Jordan Rodgers "Kidnapper 2"; Neal Cochran "Gave the approval to kidnap me." Id. at 3-4. Even assuming these defendants work for a municipality or other government agency and thus could act under color of law, the alleged "acts" are nothing more than conclusory assertions, unsupported by factual underpinnings, and fail to state a claim under Rule 8, Rule 12, and the applicable Supreme Court and Ninth Circuit authorities. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do'") (quoting Twombly, 550 U.S. at 555); see also Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations are insufficient to state a claim under Section 1983). As a result, the FAC, as to Defendants Jaen, Rodgers, and Cochran, fails to state a claim.

D. The FAC Fails to State a Claim Against Angela Garcia

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . ..'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); see also Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) (en banc) (purely private conduct, no matter how wrongful, is not covered under § 1983). There is no right to be free from the infliction of constitutional deprivations by private individuals. Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); see also Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (as amended) ("[P]rivate parties

7

are not generally acting under color of state law, and we have stated that '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" (citation omitted)).

Private conduct is not generally considered governmental action unless "something more" is present. See Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). In assessing whether conduct by private actors becomes state action, courts "start with the presumption that conduct by private actors is not state action." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). Courts have applied certain tests to identify whether there is "something more," including the public function test, the joint action test, the governmental compulsion test, and the governmental nexus test. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982); see also Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). "Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989).

To prove a conspiracy between the government and private parties under Section 1983, the plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983). "The defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage.'" Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999) (alteration in original) (citation omitted). Each member of the conspiracy does not need to know the exact details of the plan, but each must at least share the common objective of the conspiracy. United Steelworkers of Am., 865 F.2d at 1540-41.

Here, the FAC does not allege defendant Angela Garcia was anything other than a private party. As a result, there is a presumption that her conduct

is not state action. See Florer, 639 F.3d at 922. Plaintiff has not alleged a "something more" to convert her conduct into state action. Although Plaintiff uses the word "conspiracy" in reference to Mayor Butts, such conclusory allegations, unsupported by facts, are insufficient to convert acts by a private citizen into state action. See Price, 939 F.2d at 707-08.

Plaintiff has not alleged a civil rights claim against Angela Garcia.

### E.  The Complaint Fails to State a Claim Against Mayor Butts

With respect to the sole remaining defendant, Mayor Butts, the FAC alleges a claim against him solely in his official capacity.

First, Plaintiff does not allege that Mayor Butts took or failed to take any action that caused any alleged constitutional injury. Plaintiff's assertion that he "consistently tried to resolve this matter with the Mayor and the City" does not allege any actions, or failures to act, that caused a constitutional harm. Absent such allegations, the Complaint fails to state a claim against Mayor Butts. See Leer, 844 F.2d at 633.

Second, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). Thus, claims for damages against the individual defendants in their official capacity are properly treated as claims against the municipality employing the defendants.

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See

Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978). The municipal entity may not be held liable for the alleged actions of its employees or agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91. To "withstand a motion to dismiss for failure to state a claim, a Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" Bedford v. City of Hayward, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting Warner v. Cty. of San Diego, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983."); Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). "Monell allegations must be [pled] with specificity." Galindo v. City of San Mateo, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

Here, the FAC fails to allege any custom or practice by any municipal entity caused Plaintiff any alleged harm. Consequently, the FAC fails to state a claim for damages against Mayor Butts in his official capacity.

Thus, the FAC's claims against all defendants fail to state a claim upon which relief can be granted.

### F. Leave to Amend Is Not Warranted Here

As noted, although leave to amend a deficient pleading should be granted if the defects could be corrected, especially if the plaintiff is pro se, where it is absolutely clear that further amendment cannot cure the defects, "there is no need to prolong the litigation by permitting further amendment." Chaset, 300 F.3d at 1088; Cato, 70 F.3d at 1105-06. Here, the Court finds that further leave is not warranted as it is absolutely clear that further leave to amend would not cure the defects. In support of this finding, the Court notes that Plaintiff has twice previously been afforded leave to amend, and the second time, Plaintiff did not file a further amended pleading. As a result, dismissal will be without further leave to amend and with prejudice.

## V.
## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's IFP Request (Dkt. 3) is DENIED;

(2) This case is dismissed with prejudice; and

(3) Judgment be entered in accordance herewith.

Dated: December 2, 2019

_____
MICHAEL W. FITZGERALD
United States Magistrate Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge